THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT NICHOLS, Defendant-Appellant.

(No. 12449;

Fourth District—August 15, 1974.

Hagin Harper, of Champaign, for appellant.

Lawrence Eaton, State's Attorney, of Monticello (John W. Foltz, of Circuit Attorney Project, of counsel), for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant appeals from his conviction by a jury of the offense of aggravated assault in violation of section 12—2 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 12—2) and from a sentence of 2 years' probation.

The defendant, Robert Nichols, age 41, was the owner of a building in the business district of Bement, Illinois, which was used as both a store and a residence. On September 13, 1972, defendant posted in the front window of his building a notice containing a list of names of individuals, who were described in very vulgar and derogatory language, and who were to be permanently barred from the premises. The admission of the notice into evidence was stipulated to by defense counsel. Later on the day in question George Dick, age 26, the complaining witness, read

the notice, found his name thereon, and angrily proceeded to enter the store. Defendant immediately demanded that Dick leave, but Dick refused. Dick testified that he wanted to know why his name was on the list, and defendant testified that he told him why. Nevertheless, defendant repeatedly requested Dick to leave, but Dick repeatedly refused. Dick admitted using rough language with the defendant. Defendant then stated that he would force Dick to leave and went upstairs to his bedroom. Dick still did not leave during defendant's absence. After some time had elapsed, Dick saw the barrel of a rifle coming down the stairs. Defendant then re-entered the room, loaded the gun and aimed it at Dick, who at that point proceeded to leave the premises. On January 15, 1973, defendant was found guilty by the jury of aggravated assault.

■■ Defendant first contends that he was justified as a matter of law in threatening the use of such force. We disagree. Section 7—3 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, sec. 7—3) states:

> "Use of force in defense of other property. A person is justified in the use of force against another *when and to the extent that he reasonably believes that such conduct is necessary to prevent or terminate such other's trespass* on or other tortious or criminal interference with either real property (other than a dwelling) or personal property, lawfully in his possession or in the possession of another who is a member of his immediate family or household or of a person whose property he has a legal duty to protect. However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent the commission of a forcible felony." (Emphasis added.)

In the instant case defendant tendered without objection an instruction on the defense of justification under section 7—3 as to whether the threat of force used by defendant was reasonably necessary to eject plaintiff from the premises. Clearly then whether defendant's threat of force was reasonable was a question of fact for the jury to decide. The jury, however, obviously found that defendant's acts in that regard were unreasonable, and such a finding in light of the record before us is not clearly erroneous.

■■ Defendant also contends that the court erred in admitting the notice into evidence without deleting obscene language therein which was obviously prejudicial to defendant. Defense counsel, however, stipulated to the introduction of the sign into evidence. It is well established that failure to object to the admission of evidence waives the objection and precludes consideration of the question on appeal. (*People v. Scott*,

52 Ill.2d 432, 288 N.E.2d 478.) An examination of the record indicates this to be a proper case for application of that rule.

For the reasons stated above the judgment of the circuit court is hereby affirmed.

Judgment affirmed.

SMITH, P. J., and CRAVEN, J., concur.